STATE OF WEST VIRGINIA

**FILED**
May 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. LAMP,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0222**  (BOR Appeal No. 2047646)
(Claim No. 2002006188)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CAMDEN CLARK MEMORIAL HOSPITAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kimberly A. Lamp, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 5, 2013, in which the Board affirmed an August 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 7, 2011; January 4, 2012; and February 29, 2012, decisions denying Ms. Lamp's requests for retroactive authorization of multiple trigger point injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Lamp filed a report of injury on June 18, 2001, indicating that she was injured while carrying radiographic films and their jackets to and from viewing rooms while employed as a radiographic clerk at Camden Clark Memorial Hospital. The claim was held compensable and Ms. Lamp underwent extensive lumbar spine surgery to treat the compensable injury. Michael Shramowiat, M.D., began treating Ms. Lamp following the compensable injury. Dr. Shramowiat is Ms. Lamp's primary care provider for pain management, and has requested retroactive authorization for multiple trigger point injections administered to Ms. Lamp for the treatment of ongoing back pain.

On November 7, 2011, the claims administrator denied a request for authorization of trigger point injections administered during an October 31, 2011, office visit with Dr. Shramowiat. On January 4, 2012, the claims administrator denied a request for authorization of trigger point injections administered during a December 28, 2011, office visit with Dr. Shramowiat. On February 29, 2012, the claims administrator denied a request for authorization of trigger point injections administered during a February 28, 2012, office visit with Dr. Shramowiat. The Office of Judges affirmed the November 7, 2011; January 4, 2012; and February 29, 2012, claims administrator's decisions and held that the trigger point injections administered on October 31, 2011; December 28, 2011; and February 28, 2012, do not constitute reasonably required medical treatment in relation to the compensable injury.

The Office of Judges found that Ms. Lamp has made prior requests for additional medical treatment which were denied based on the reports of Charles Lefebure, M.D.; Prasadarao Mukkamala, M.D; and Saghir Mir, M.D., who all opined that Ms. Lamp has reached maximum medical improvement and concluded that her current symptomology stems from pre-existing degenerative changes unrelated to the compensable injury. The Office of Judges then found that Ms. Lamp's current condition is the result of non-compensable degenerative changes and is not related to her compensable injury. Further, the denial of a separate request by Ms. Lamp for authorization of bilateral mid and lower lumbar trigger point injections was affirmed by this Court in Case Number 12-0926. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of February 5, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II